**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-4266
_____

XUE ZHI ZOU,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A079-092-389)
Immigration Judge:  Honorable Susan G. Roy

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 24, 2013

Before:  AMBRO, JORDAN and BARRY, Circuit Judges

(Opinion filed: April 25, 2013)
_____

OPINION
_____

PER CURIAM

Petitioner Xue Zhi Zou seeks review of a final order of the Board of Immigration

Appeals ("BIA").  For the following reasons, we will deny the petition for review.

Petitioner, a citizen of the People's Republic of China, arrived in the United States

in 2001.  Removal proceedings were initiated against him under INA § 212(a)(6)(A)(i); 8

U.S.C. § 1182(a)(6)(A)(i), as an alien present in the United States without being admitted or paroled. Petitioner conceded removability, but applied for asylum, withholding of removal, and protection under the Convention Against Torture, based on his practice of Falun Gong. The Immigration Judge ("IJ") denied relief, finding no past persecution or well-founded fear of future persecution, and ordered Petitioner removed to China. On July 25, 2011, the BIA upheld the IJ's decision. On October 17, 2011, Petitioner filed a timely motion to reopen, arguing that he had recently converted to Catholicism and feared persecution on that basis if returned to China. On April 3, 2012, the BIA denied reopening. Petitioner moved for reconsideration, which the BIA denied on October 24, 2012. Petitioner filed a counseled petition for review on November 21, 2012.[1]

We begin by making clear the limited scope of this appeal. We have jurisdiction under 8 U.S.C. § 1252(a) with respect to the BIA's October 24, 2012 order denying Petitioner's motion for reconsideration. However, the petition for review was not timely filed within 30 days of either the BIA's July 25, 2011 order upholding the IJ's removal order or the BIA's April 3, 2012 order denying Petitioner's motion to reopen. See 8 U.S.C. § 1252(b)(1); Stone v. INS, 514 U.S. 386, 405 (1995). The 30-day limitation period is mandatory and jurisdictional. See Vakker v. Att'y Gen. of the U.S., 519 F.3d 143, 146 (3d Cir. 2008); McAllister v. Att'y Gen. of the U.S., 444 F.3d 178, 185 (3d Cir.

_____

[1] Petitioner also moved for a stay of removal, which we denied on February 19, 2013.

2006). Therefore, we have jurisdiction only over the order denying Petitioner's motion for reconsideration of the earlier denial of his motion to reopen.

The standard of review is quite deferential. We review the BIA's denial of a motion for reconsideration for an abuse of discretion, see Borges v. Gonzales, 402 F.3d 398, 404 (3d Cir. 2005), and will not overturn the decision unless it is "arbitrary, irrational, or contrary to law." Guo v. Ashcroft, 386 F.3d 556, 562 (3d Cir. 2004) (quotation marks and citation omitted). We similarly review the denial of a motion to reopen using the "highly deferential" abuse of discretion standard. Id. Motions to reopen are granted only under compelling circumstances. Id. at 561. In order to prevail on a motion to reopen, the movant must establish prima facie eligibility for the relief sought, INS v. Doherty, 502 U.S. 314, 319 (1992), and satisfy the "heavy burden" of establishing that, if the proceedings were reopened, new evidence would likely change the outcome of the case, In re Coelho, 20 I.&N. Dec. 464, 472 (BIA 1992).[2]

In denying Petitioner's motion to reopen, the BIA determined that although "the mistreatment of Christians" is a longstanding and ongoing problem in China, Petitioner had presented a "paucity of evidence" that Catholics were persecuted in his home province of Fujian and he had not presented persuasive evidence indicating that the

---

[2] The BIA's April 3, 2012 order denying Petitioner's motion to reopen erroneously stated that the motion was denied as untimely, even though the decision's reasoning did not discuss timeliness and there was clearly no timeliness problem. The BIA's October 24, 2012 order denying reconsideration noted the erroneous language in the prior order but found it harmless and concluded that there was no other legitimate basis upon which to grant reconsideration. Aside from what was apparently a clerical error in the language of

3

Chinese authorities were aware, or likely to become aware, of his conversion to or practice of Christianity. The BIA's subsequent order denying reconsideration concluded that Petitioner failed to identify any material error in its decision denying reopening, noting that much of his reconsideration motion was simply a re-hash of his motion to reopen. See In re O-S-G, 24 I.&N. Dec. 56, 58 (BIA 2006) (in order to prevail on a motion for reconsideration, the movant "must specify the factual and legal issues raised on appeal that were decided in error or overlooked in [the BIA's] initial decision or must show how a change in law materially affects [the] prior decision"). Petitioner's appellate brief argues that his motion to reopen did indeed present sufficient evidence that Catholics were persecuted in Fujian, including (1) the International Religious Freedom Report for 2010 ("IRFR") and its discussion of arrests of priests serving unregistered churches in Fujian; and (2) letters from his sister and father that stated that, on one occasion, his sister witnessed four or five residents of her village being arrested and was later told that they had been participating in an underground church.

As an initial matter, we find that the BIA's decision denying reopening thoroughly considered the evidence submitted by Petitioner. The BIA's decision on reopening noted that the IRFR does indicate that the treatment of unregistered religious groups varies significantly by region, but concluded that Petitioner had not presented sufficient evidence that persecution occurred within Fujian. The BIA also reviewed the letters from Petitioner's sister and father, but afforded them minimal weight because they were not

the April 3 order, we find the denial of reopening sound.

4

notarized or independently corroborated by similarly situated individuals in Fujian. The BIA found that other evidence submitted by Petitioner, consisting primarily of generalized reports of religious oppression in China, could not be authenticated or did not persuasively demonstrate persecution of Catholics in Fujian. Notably, in his appellate brief in this Court, Petitioner still does not address the BIA's second and perhaps more persuasive rationale for denying reopening, namely that he failed to establish that any likelihood that the Chinese government would be aware that he was a Christian.

More important for purposes of this appeal, however, is the content of Petitioner's motion for reconsideration. We find that the BIA accurately observed that Petitioner's motion for reconsideration did not identify any material errors in its decision denying reopening. Indeed, Petitioner's reconsideration motion did not assert that the BIA overlooked some aspect of the IRFR report, erred by giving minimal weight to the letters from his father and sister, or ignored other evidence suggesting that Christians were subject to persecution in his home province of Fujian. Instead, as the BIA noted, his reconsideration motion was substantially identical to his motion to reopen. It was only in his appellate brief that Petitioner for the first time indicated that the BIA should have noticed that the IRFR specifically discussed the persecution of Christians in Fujian. Moreover, even if Petitioner's motion for reconsideration raised such points, and even if they were legitimate, the motion contained no explanation of how Petitioner's individual Christianity would come to the attention of the Chinese government. Thus, even on reconsideration, Petitioner still did not address what was, by itself, a sufficient basis for

5

the BIA to deny reopening.  Under these circumstances, we cannot conclude that the BIA

abused its discretion in denying Petitioner's motion for reconsideration.[3]

        For the foregoing reasons, we will deny the petition for review.

---

[3] In his motion to reopen, Petitioner argued that similarly situated individuals had been granted asylum, but the BIA concluded that it had no way of knowing if those other aliens were indeed similarly situated.  In his motion for reconsideration, Petitioner again asked the BIA to consider these other cases by invoking its sua sponte authority pursuant to 8 C.F.R. § 1003.2(a).  In denying reconsideration, the BIA refused to exercise that authority.  We lack jurisdiction to review the BIA's refusal to exercise its sua sponte authority.  Calle-Vujiles v. Ashcroft, 320 F.3d 472, 474 (3d Cir. 2003).